IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**WILLARD REESE,**

**Plaintiff,**

**v.**

**CAC SERVICES, INC., dba COMMERCIAL ADJUSTMENT CO.,**

**Defendant.**

**10-CV-766-BR**

**OPINION AND ORDER**

**JOSHUA R. TRIGSTED**
Trigsted Law Group, P.C.
5200 S.W. Meadows Rd
Suite 150
Lake Oswego, OR 97035
(888) 595-9111, Ext. 216

Attorneys for Plaintiff

**JEFFREY I. HASSON**
Davenport & Hasson, LLP
12707 N.E. Halsey Street
Portland, OR 97230
(503) 255-5352

Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on the Motion (#12) for Summary Judgment of Defendant CAC Investment Services, Inc., and the Cross-Motion (#18) for Summary Judgment of Plaintiff Willard Reese. For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** CAC's Motion and **DENIES** Reese's Cross-Motion.

## BACKGROUND

The following facts are undisputed unless noted:

At some point Reese began renting a storage unit from Citizen Storage. On March 16, 2006, Reese commenced an action against Randy Peterson dba Citizen Storage in Small Claims Court in the Columbia County Circuit Court (state-court case) in which he alleged Peterson stole items from Reese's storage unit. Peterson filed a counterclaim against Reese for unpaid storage charges.

On November 24, 2006, the state-court case went to trial before Columbia County Circuit Court Judge Ted E. Grove. The court found in favor of Peterson, dismissed Reese's claim, and entered a judgment in favor of Peterson and against Reese for $4,403.50 for unpaid storage fees and costs. The record does not reflect that Reese appealed the state-court judgment.

On May 18, 2007, Peterson assigned the state-court judgment to CAC for collection. On that same day CAC sent Reese a

Collection Assignment Notice in which it advised Reese that Citizen Storage had "listed" Reese's debt with CAC, and,

> [i]f paid in full to this office, all collection activity will be stopped.
>
> Unless you notify this office within 30 days after receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.
>
> If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.
>
> If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Decl. of Kent Birdeno, Ex. A at 1.

On May 28, 2007, Reese sent a letter to CAC stating:

> To whom it may concern:
>
> This owner of “Citizen Storage” is the Person who “broke-in” and stole a pickup load of my belongings. I tried to give him time to make thing [*sic*] right then took Mr. Peterson to Court.
>
> I asked for a “change of venue” but he was able to override this request and had a very incompetent Judge set in on our case. The Judge is a drinking buddy with Mr. Peterson who is the Mayor of St. Helens. This matter is still being worked upon at this time.

Birdeno Decl., Ex. B at 1. CAC did not provide a copy of the state-court judgment to Reese in response to his letter.

On November 2, 2007; December 19, 2007; January 10, 2008;

November 17, 2008; and April 14, 2009, CAC sent demand letters to Reese seeking collection of the state-court judgment. Reese did not respond to any of the demand letters.

On April 2, 2010, CAC "had a garnishment issued" against Reese based on the state-court judgment.

On April 5, 2010, Reese sent a letter to CAC stating in pertinent part:

> On April 2, 2010 you served my bank . . . with a Writ of Garnishment . . . for the purpose of collecting money for Mr. Randy Peterson (the person that broke into and stole items from my storage unit).
>
> * * *
>
> I am hereto for [*sic*] requesting a full and complete copy of the documentation that you have that gives you the right to Garnish [*sic*] my funds from St. Helens Federal Credit Union.

Birdeno Decl., Ex. 7 at 1. CAC did not respond to Reese's April 5, 2010, letter.

On July 2, 2010, Reese filed an action in this Court alleging CAC violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692g(b) and 1692e(10). Reese seeks damages and a declaration that CAC violated the FDCPA.

On November 12, 2010, CAC filed a Motion for Summary Judgment. On November 19, 2010, Reese filed a Cross-Motion for Summary Judgment.

**STANDARDS**

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*. "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving

party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.

## DISCUSSION

### I. Reese's claim under § 1692e(10).

In his Response to CAC's Motion for Summary Judgment, Reese advised the Court that his claim under § 1692e(10) of the FDCPA is "irrelevant and is hereby withdrawn." Because Reese did not "withdraw" this claim before CAC moved for summary judgment against it, the Court grants CAC's Motion for Summary Judgment as to Reese's claim under § 1692e(10) of the FDCPA.

### II. Reese's claim under § 1692g(b).

Section 1692g(b) provides in pertinent part:

> If the consumer notifies the debt collector in writing within [30 days after receipt of the collector's initial communication with a consumer]

> that the debt . . . is disputed, . . . the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment . . . is mailed to the consumer by the debt collector.

Reese asserts CAC violated § 1692g(b). Reese asserts he disputed the debt in his May 28, 2007, letter, but CAC failed to provide Reese with a copy of the state-court judgment and failed to cease collection efforts as required under § 1692g(b).

CAC, in turn, asserts Reese's FDCPA claim is untimely, Reese did not timely dispute the debt with CAC, and CAC is entitled to the *bona fide* error defense.

**A. Reese's FDCPA claim is timely in part.**

The FDCPA provides "[a]n action to enforce any liability created by [the FDCPA] . . . [must] be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

As noted, Reese brought this action on July 2, 2010. According to CAC, Reese may not bring a claim as to any actions that CAC took before July 2, 2009. CAC, therefore, contends the statute of limitations "expired on any claim based upon representations made [by CAC] in the 5/18/07 letter."

Reese, however, contends the one-year limitation for bringing FDCPA claims begins to run on the date of the last-alleged violation. Reese asserts he timely notified CAC in

writing on May 28, 2007, that the debt and "[e]ach action [CAC took] to collect the debt after that date was a violation because [CAC] never provided validation as required by 15 USC § 1692g(b)."

Although Reese concedes "any actions of [CAC] that took place outside the 1-year period are not actionable," Reese points out that CAC's last collection act in violation of § 1692g(b) was the garnishment that CAC filed against Reese on April 2, 2010, which was within one year of July 2, 2010 (the date Reese filed this action). According to Reese, therefore, the garnishment is actionable under § 1692g(b) and Reese's claim as to the garnishment under that section is within the limitations period of § 1692k(d).

Although the Ninth Circuit has not addressed whether the limitations period under the FDCPA begins to run on the date of the last-alleged violation, Reese relies on cases from other courts to support his argument. For example, in *Purnell v. Arrow Financial Services, LLC*, the Sixth Circuit addressed application of the limitations period in the context of a claim under § 1692g(b). 303 F. App'x 297 (6th Cir. 2008). In that case the plaintiff debtor brought an action against the defendant, a collection agency, alleging the defendant violated § 1692g(b) and various other sections of the FDCPA. The plaintiff alleged the defendant violated § 1692g(b) when it

improperly reported the plaintiff's debt to Equifax without first validating the debt. The court held a one-day jury trial as to whether the defendant could establish it was entitled to the *bona fide* error defense under § 1692k(c) of the FDCPA. *Id*. at 300. The jury found the defendant had proved the defense. As a result, the district court *sua sponte* dismissed the plaintiff's remaining FDCPA claims, including the plaintiff's claim for violation of § 1692g(b). The plaintiff appealed and sought "reinstatement of the FDCPA claims dismissed without trial that [were] based on [alleged violations by the defendant] during the limitations period." *Id.* at 301. Specifically, the plaintiff sought to reinstate his claim for violation of § 1692g(b) based on the times the defendant reported the debt to Equifax within the limitations period. The Sixth Circuit held it was error for the district court to conclude the plaintiff's claim for violation of § 1692g(b) was barred by the statute of limitations:

> Here, the initial communication for purposes of § 1692g occurred in September 2001, and plaintiff apparently sent correspondence disputing the debt in October 2001. We assume for purposes of this appeal both that plaintiff's correspondence obligated defendant to cease collection of the debt until the debt was verified, and that defendant did not obtain verification of the debt before proceeding with its collection efforts. It seems that the district court dismissed claims for violation of § 1692g(b) on the grounds that any violation occurred when the defendant first undertook collection activities in the wake of plaintiff's October 2001 letter.
>
> Unlike the notice requirements of § 1692g(a),

> however, there are no time limits for a debt collector to validate the debt under § 1692g(b). In fact, § 1692g(b) does not require the debt collector to validate the debt at all, as long as it ceases any collection activity. *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1031 (6th Cir. 1992). That is, the debt collector has a choice: it either may choose not to verify the debt and abandon its collection efforts, or it may decide to verify the debt and resume collection activities once the requested validation has been provided. *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483 (7th Cir. 1997). We find that the language of § 1692g(b) dictates that each "failure to cease" collection activity without having validated the debt . . . presents a discrete claim for violation of the FDCPA such that only those collection activities taken outside the limitations period would be time-barred.

*Id*. at 303-04.

Similarly, in *Kaplan v. Assetcare, Inc.*, the plaintiff received a number of letters related to medical debt from the defendant, a collection agency. 88 F. Supp. 2d 1355, 1358 (S.D. Fla. 2000). The defendant asserted the plaintiff's claims under the FDCPA were time-barred because the plaintiff filed his federal-court action more than one year after the defendant mailed the plaintiff the notice-of-debt letter even though the plaintiff filed his action less than one year after the defendant mailed the plaintiff four other letters seeking to collect the debt. *Id*. at 1360. The court concluded it could "assert jurisdiction over plaintiff's claims in this case based on the non-time-barred letters." *Id*.

The Court finds the reasoning of *Purnell* and *Kaplan*

persuasive. The Court, therefore, concludes "each failure to cease collection activity without having validated the debt . . . presents a discrete claim for violation of the FDCPA." *Id.* Here CAC "had a garnishment issued" against Reese based on the state-court judgment on April 2, 2010. The garnishment, which was obtained within one year of July 2, 2010 (the date Reese filed this action), constitutes a failure to cease collection activity within the limitations period. Accordingly, the Court concludes Reese's claim for violation of § 1692g(b) of the FDCPA is not time-barred insofar as it relates to CAC's garnishment of Reese's bank account in April 2010.

**B. Reese's dispute of the debt.**

CAC asserts Reese did not dispute his debt within 30 days of the initial notice of debt, and, therefore, CAC did not violate § 1692g(b) when it continued its efforts to collect the debt, including garnishing Reese's bank account.

As noted, § 1692g(b) provides in pertinent part: "If the consumer notifies the debt collector in writing within the thirty-day period [after receipt of the initial communication with a consumer] that the debt . . . is disputed," the debt collector must cease collection activities until the debt collector, among other things, mails a copy of the judgment to the consumer.

Here CAC asserts Reese's May 28, 2007, letter "does not

notify CAC that the debt is disputed" because it does not contain any "controversial discussion as to the storage charges." Reese, however, contends at least the phrase "[t]his matter is still being worked upon at this time" in his May 28, 2007, letter is sufficient to constitute notice that Reese disputed the debt.

The FDCPA does not define the terms "disputed" or "dispute." The Court, therefore, "'construe[s] [them] according to [their] ordinary, contemporary, common meaning[s].'" *United States v. Bennett*, 621 F.3d 1131, 1139 n.2 (9th Cir. 2010) (quoting *United States v. W.R. Grace*, 504 F.3d 745, 755 (9th Cir. 2007)). In ordinary usage, "dispute" is defined as "to call into question; . . . to struggle against; . . . to contend over." *See Merriam-Webster's Collegiate Dictionary* 362 (11th ed. 2003).

In his May 28, 2007, letter, Reese stated his disagreement with Peterson and the state-court action related to that disagreement. In addition, Reese stated he was still "work[ing] upon" the matter at the time of the letter.

The Court cannot conclude on this record as a matter of law that Reese's letter did not constitute notice of his dispute of the storage charges because it is unclear whether this is a purely legal question, or a question of fact, or both. Accordingly, the Court declines to grant either party's Motion for Summary Judgment as to whether the May 28, 2007, letter constituted notice of Reese's dispute of the storage charges and

resulting state-court judgment. In connection with trial preparation, the Court will require the parties to brief this issue further for purposes of determining whether there is a fact question to submit to a jury; if not, the Court will revisit the legal question raised by the parties' cross-motions on this point and then decide the matter.

**C. *Bona fide* error defense.**

The FDCPA provides in pertinent part:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). The Supreme Court has made clear the *bona fide* error defense applies only to mistakes of fact and not to mistakes of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*, 130 S. Ct. 1605, 1624 (2010)("We therefore hold that the *bona fide* error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute.").

CAC asserts even if Reese's May 28, 2007, letter constitutes notice of a dispute under the FDCPA, CAC is entitled to the *bona fide* error defense because it made a mistake of fact when it operated on the belief that Reese's May 28, 2007, letter was not a letter of dispute. Reese, however, asserts CAC is not

entitled to the *bona fide* error defense because CAC intentionally failed to cease collection activities or to provide Reese with a copy of the state-court judgment as required by § 1692g(b). Thus, according to Reese, any mistake by CAC was an error of law rather than an error of fact.

**1. Authentication.**

To support his assertion that CAC's failure to cease collection efforts or to provide him with a copy of the state-court judgment was an error of law, Reese relies on the deposition of Kent Birdeno, President of CAC, in which he testifies: "After I read the letter, I did not see it as a dispute letter." Reese, however, did not attach Birdeno's deposition testimony to an affidavit in which the affiant was a "competent witness who wrote [the document], signed it, used it, or saw others do so." *See Orr v. Bank of Am.*, 285 F.3d 764, 773-74 (9th Cir. 2002). Instead Reese merely attached Birdeno's deposition testimony to Reese's Memorandum in Support of Plaintiff's Motion for Summary Judgment and submitted it without a reporter's certification or the names of the deponent and the action.

The Ninth Circuit has held "unauthenticated documents cannot be considered in a motion for summary judgment." *Id*. at 773. Recently, however, the Ninth Circuit made clear

> the requirement that documents be authenticated through personal knowledge when submitted in a

> summary judgment motion "is limited to situations where exhibits are introduced by being attached to an affidavit" of a person whose personal knowledge is essential to establish the document is what it purports to be - that it is authentic. *Id.* at 778 n.24. Where documents are otherwise submitted to the court, and where personal knowledge is not relied upon to authenticate the document, the district court must consider alternative means of authentication under Federal Rules of Evidence 901(b)(4). *Orr*, 285 F.3d at 777-78. Under Rule 901(b)(4), "documents ... could be authenticated by review of their contents if they appear to be sufficiently genuine."

*Las Vegas Sands, LLC v. Nehme,* No. 09-16740, 2011 WL 71469, at *4 (9th Cir. Jan. 11, 2011). Here CAC submitted a Declaration by Birdeno in support of its Response to Reese's Motion for Summary Judgment in which Birdeno testifies "CAC did not interpret the letter from Reese date 5/28/07 as a dispute to the judgment as Reese knew he owed the judgment." Birdeno Decl. at ¶ 3. Because this testimony is substantially similar to Birdeno's testimony at deposition that was offered by Reese, the Court concludes Birdeno's deposition testimony is authenticated because that testimony appears to be genuine in light of Birdeno's Declaration. Accordingly, the Court considers Birdeno's deposition testimony as submitted by Reese.

**2. Analysis.**

Reese asserts CAC's failure to cease collection activities or to provide Reese with a copy of the state-court judgment as required by § 1692g(b) was an error of law because it "stemmed from Mr. Birdeno's failure to appreciate that

Plaintiff's letter constitute[d] a notification of dispute under the law." As noted, Reese relies on the deposition testimony of Birdeno to support his assertion.

Birdeno testified at deposition that "after I read the letter, I did not see it as a dispute letter. . . . I did not believe it was a dispute." Pl.'s Mem. in Support of Mot. for Summ. J., Ex. G at 2-3. Birdeno testified he understood the FDCPA requires a collector to provide verification of a debt or a copy of the judgment if a debtor disputes a debt "within the 30-day period after receiving the collection assignment notice." Pl.'s Mem. in Support of Mot. for Summ. J., Ex. G at 6. Birdeno further testified he would have verified the debt and sent Reese a copy of the state-court judgment if he had believed Reese's letter was a dispute letter. Pl.'s Mem. in Support of Mot. for Summ. J., Ex. G at 6.

On this record the Court concludes Birdeno, and by extension CAC, did not make a mistake of law as to what the FDCPA requires in response to a letter disputing a debt. At best, CAC may have made a mistake of fact as to the nature of Reese's May 28, 2007, letter. This conclusion, however, does not end the inquiry. The *bona fide* error defense requires a collection agency to establish by a preponderance of the evidence that "the violation was not intentional and [it] resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably

adapted to avoid any such error." Although Birdeno's deposition and declaration testimony reflect he did not believe Reese's May 28, 2007, letter disputed the debt, this evidence establishes only that a genuine issue of material fact exists as to whether CAC's failure to cease collection efforts or to verify the debt were intentional; *i.e.,* whether CAC knew or should have known Reese sought to dispute the debt in his May 28, 2007, letter. In addition, CAC does identify any evidence in the record as to procedures it maintained that were "reasonably adapted to avoid any such error."

The Court, therefore, concludes on this record that genuine issues of material fact exist as to CAC's *bona fide* error defense and the nature of Reese's May 28, 2007, letter. Accordingly, the Court denies both parties' Motions for Summary Judgment as to Reese's claim for violation of § 1692g(b) of the FDCPA.

## **CONCLUSION**

For these reasons, the Court **GRANTS in part** and **DENIES in part** the Motion (#12) for Summary Judgment of Defendant CAC Investment Services, Inc., and **DENIES** the Cross-Motion (#18) for

Summary Judgment of Plaintiff Willard Reese.

IT IS SO ORDERED.

DATED this 3rd day of March, 2011.

/s/ Anna J. Brown

ANNA J. BROWN
United States District