IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| WILLARD REESE, | 3:10-CV-00766-BR |
|     Plaintiff, | |
| | ORDER |
| v. | |
| CAC SERVICES, INC., dba<br>COMMERCIAL ADJUSTMENT CO., | |
|     Defendant. | |

JOSHUA R. TRIGSTED
Trigsted Law Group, P.C.
5200 S.W. Meadows Rd
Suite 150
Lake Oswego, OR  97035
(888) 595-9111, Ext. 216

    Attorneys for Plaintiff

JEFFREY I. HASSON
Davenport & Hasson, LLP
12707 N.E. Halsey Street
Portland, OR 97230
(503) 255-5352

    Attorneys for Defendants

1 -- ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Willard Reese's Motion (#51) *in Limine* to Admit Testimony of Plaintiff Regarding Defendant's Garnishment of Plaintiff and Actual Damages Suffered Therefrom. For the reasons that follow and based on the record developed at the Pretrial Conference, the Court **GRANTS** the Motion.

On August 19, 2011, the Court held a Pretrial Conference in this matter. At the conference, Defendant objected to Plaintiff's Motion *in Limine* in which Plaintiff sought leave to testify at trial as to the emotional distress that Plaintiff contends he suffered as a result of Defendant's attempt to garnish Plaintiff's bank account. Defendant, however, did not cite any case that supported its objection to this evidence. After considering the argument of counsel, the Court granted Plaintiff's Motion and advised the parties that Plaintiff would be allowed to testify as to any emotional distress he experienced as a result of Defendant's attempt to garnish Plaintiff's bank account.

The Court notes the Ninth Circuit has not determined whether emotional-distress damages are recoverable under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the district courts are split on the issue. *See Healey v. Trans Union LLC*, No. C09-0956JLR, 2011 WL 1900149, at *11 (W.D. Wash.

May 18, 2011)(citing *Riley v. Giguiere*, 631 F. Supp. 2d 1295, 1315 (E.D. Cal. 2009)(citing cases)). In *Healey* the court concluded "'actual damages' under the FDCPA include[] emotional distress damages." *Id.* The court reasoned the FDCPA damages provision is "virtually identical to that of the FCRA" and the "Ninth Circuit has held that 'actual damages' under the FCRA includes recovery for 'emotional distress and humiliation.'" *Id.* (quoting *Guimond v. Trans Union Cred. Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)).

This Court adopts the reasoning of *Healey* and reiterates its ruling that Plaintiff may seek to prove that he sustained emotional-distress damages as a result of Defendant's alleged violation of the FDCPA.

IT IS SO ORDERED.

DATED this 23rd day of August, 2011.

_____
ANNA J. BROWN
United States District

3 – ORDER